UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **MARK FULTZ**, | ) |
| | ) |
| Plaintiff, | ) Case No. 2:23-cv-13275 |
| v. | ) |
| | ) |
| **HPT TRS MRP, INC.,** a Maryland corporation for profit, | ) Judge: |
| | ) |
| And | ) |
| | ) |
| **HPTMI PROPERTIES TRUST,** a Maryland corporation for profit, | ) |
| | |
| Defendants. | |

---

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, Mark Fultz, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., hereby files this Complaint against Defendant, HPTMI Properties Trust, a Maryland corporation for profit, and Defendant, HTP TRS MRP, Inc., a Maryland corporation for profit, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

### JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Mark Fultz, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the

American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of the property *situs*. The Defendants' property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Mark Fultz ("Plaintiff" or "Mr. Fultz"), is a Florida resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. HPTMI Properties Trust and HTP TRS MRP, Inc.'s are owners or operators of a place of public accommodation, a hotel commonly known as Sonesta Simply Suites Detroit Novi, which is located at 42600 West 11 Mile Road Novi, MI 48375 in Oakland County.

6. Upon information and belief, the hotel owned and operated by the Defendant was originally built by the Defendant or its predecessor commencing in 2002 and granted permits for occupancy in 2003 and is non-compliant with the remedial provisions of the ADA for newly designed and constructed or altered facilities. Full compliance with the implementing regulations of the ADA is required for this hotel unless it would be structurally impracticable in which case compliance is required to the extent that it is not structurally impracticable.

7. As Defendants own, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's facility as a hotel, which constitutes a place of public accommodation, fails to comply with the ADA and its regulations, as also described further herein.

8. Mr. Fultz is an individual who, as a result of a stroke, is paralyzed on the right side of his body. He uses a motorized scooter for mobility and can

occasionally walk short distances with the use of a cane.

9. Raised in Michigan, Mr. Fultz has relatives including his son, daughter, grandchildren, and cousins in suburban Detroit. His son lives and works in Ann Arbor while his daughter resides between Ann Arbor and Detroit. Plaintiff frequents many establishments in the Oakland County region and has been a customer at the property that forms the basis of this lawsuit on multiple occasions.

10. Mr. Fultz patronized the Defendants' hotel on June 23-24, 2022. While at Defendants' place of public accommodation, Mr. Fultz encountered architectural barriers at the subject property that violate the ADA and its regulations. These barriers to access have endangered his safety and protected access to Defendants' place of public accommodation.

11. Mr. Fultz is a Sonesta Travel Pass Rewards member and regular guest at the chain. As such, Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to visit the Defendants' place of business again on future occasions, not only to avail himself of the goods and

Case 2:23-cv-13275-GCS-CI ECF No. 1, PageID.5 Filed 12/27/23 Page 5 of 13

services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

12. The Defendants have discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq*.

13. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

14. A preliminary inspection of the hotel owned by Defendants has shown that many violations of the ADA exist, whose remedy is readily achievable. These violations include, but are not limited to:

Parking and Accessible Routes

  A. Some designated accessible parking spaces are missing required parking space identification signs, in violation of the ADA section 502.6 of the 2010 Standards and 1991 ADAAG section 4.6.4, whose remedy is strictly required or at minimum is readily achievable.

  B. The ground surface within the required maneuvering clearance of the entrance door to building 2 has excessive slope, in violation of the ADA

  section 404.2.4.4 of the 2010 Standards and 1991 ADAAG section 4.13.6, whose remedy is strictly required or at minimum is readily achievable.

 C. The entrance door(s) at building 2 lacks required maneuvering clearance at the latch side to enter due to metal signage located in the area, in violation of the ADA and section 404.2.1 of the 2010 Standards and 1991 ADAAG section 4.13.6 whose remedy is strictly required or, at minimum, readily achievable.

 D. Designated accessible parking spaces located on the west of building 2 have not been maintained as evidenced by missing or fading paint, are missing access aisles and they do not lead to an accessible route, in violation of the ADA and section 502.3 of the 2010 Standards whose remedy is strictly required or, at minimum, readily achievable.

 E. Some of the accessible parking access aisles at building 1 (hotel lobby) do not lead to an accessible route because the curb ramp lacks a level landing for guests who use wheelchairs, in violation of the ADA and sections 406.4of the 2010 Standards and 1991 ADAAG section 4.7.2 whose remedy is strictly required or, at minimum, readily achievable.

<u>Guestrooms</u>

 F. Upon information and belief the Sonesta Simply Suites Detroit Novi has a legally insufficient total number of hotel guestrooms fitted with mobility accessible features. Whereas, for a property with 122 guestrooms, there must be a minimum of 5 mobility accessible guestrooms without a roll-in shower and a minimum of 2 of mobility accessible guestrooms with a roll-in shower, totaling 7 designated mobility accessible guestrooms.

 G. Upon information and belief, as well as of review of published photos by hotel management, Mark Fultz believes the other guest rooms fitted with mobility accessible features, like guest room number 105, also contain numerous barriers to handicap access and fail to comply with applicable implementing regulations of the ADA.

 H. The Defendant's hotel offers varied types, prices and classes of lodging options including Two Bedroom Suite - Two Queens but does not

disperse accessible accommodations among the types. These offer varying square footage and amenities available only to able bodied guests. However, guests who require accessible accommodations are restricted to fewer room classes (studio suite and one bedroom suite rooms) and fewer guestroom amenities, whereas able-bodied patrons and guests have access to reserve and stay at the full range of room classes. This is in violation of the ADA and section 224.5 of the 2010 Standards and 1991 ADAAG section 9 whose remedy is strictly required or, at minimum, readily achievable.

Guestroom #105 – Mobility Accessible Studio Suite Queen with Roll-in Shower

I. The amount of pressure to open the guestroom door exceeds 5lbs, in violation of the ADA whose remedy is readily achievable.

J. There is insufficient maneuvering clearance around the furniture in the guestroom, in violation of the ADA whose remedy is readily achievable.

K. The toilet side grab bar does not extend 54 inches minimum from the rear wall, in violation of the ADA whose remedy is readily achievable.

L. In the accessible guest room bathroom, the Roll-in shower stall is out of compliance because it is missing the required fixed, permanent folding seat for transient lodging guest rooms, in violation of the ADA and section 608.4 of the 2010 Standards, whose remedy is strictly required or is at minimum readily achievable.

M. The removable shower spray unit on a hose is mounted far in excess of the permitted height without any way a wheelchair user can reach it, in violation of the ADA and section 308.3 and 309.4 of the 2010 Standards and 1991 ADAAG section 4.2.5 and 4.27.4 whose remedy is strictly required or, at minimum, readily achievable.

N. The thermostat in the guest room is mounted in excess of permitted height to its operable parts, in violation of the ADA and section 308.3 and 309.4 of the 2010 Standards and 1991 ADAAG section 4.2.5 and 4.27.4 whose remedy is strictly required or, at minimum, readily achievable.

O. The curtain rod is located above allowable reach range and requires tight

    grasping or twisting to operate, in violation of the ADA and section 308.3 and 309.4 of the 2010 Standards and 1991 ADAAG section 4.2.5 and 4.27.4 whose remedy is strictly required or, at minimum, readily achievable.

P. In the guest bathroom, the toilet centerline is located greater than 16 inches minimum to 18 maximum from the side wall, in violation of the ADA section 604.2 of the 2010 Standards and 1991 ADAAG section 4.16.2, whose remedy is strictly required or, at minimum, readily achievable.

Q. The kitchen does not comply with the requirements of section 804 of the 2010 Standards or section 9.2.2(7) of the 1991 ADAAG including having a kitchen work surface no greater than 34 inches maximum above the finish floor or ground, the freezer having at least 50 percent of the freezer space 54 inches maximum above the finish floor or ground, and at least 50 percent of shelf space and storage is not located in the required reach range, in violation of the ADA whose remedy is readily achievable.

R. There is not required knee or toe clearances for a forward approach at the kitchen sink,

Access to Goods & Services

S. In the lobby's seating/dining area, there is no compliant accessible seating provided, only high-top tables in violation of the ADA section 226.1 of the 2010 Standards and 1991 ADAAG section 5.1, whose remedy is strictly required or at minimum is readily achievable.

Policies and Procedures and other Services

T. The Defendant lacks or has inadequate defined policies and procedures for the benefit and assistance of disabled patrons and guests, including a policy for maintaining its accessible features.

U. The Defendants' inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Mark Fultz.

V. The Sonesta website, https://www.sonesta.com, does not identify or

       describe accessible features in sufficient detail to reasonably permit individuals with disabilities to assess independently whether the hotel or guestroom meets his or her accessibility needs, in violation of 28 CFR § 36.302(E)(1)(ii).

15. The discriminatory violations described in Paragraph 14 by Defendants are not an exclusive list of the ADA violations at the place of public accommodation owned and operated by Defendants. Plaintiff requires further inspection of the Defendants' place of public accommodation in order to photograph and measure *all* of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff has been denied access to Defendants' accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendants, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

16. Plaintiff restates the allegations of ¶¶1-15 as if fully rewritten here.

17. The facility at issue, as owned by HPTMI Properties Trust and HTP TRS

  MRP, Inc. is a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

18. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendants' failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

19. The Plaintiff, and others similarly situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

20. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendant to bring its place of public accommodation

into full compliance with the implementing regulations of the ADA or at minimum make all readily achievable alterations and institute policies and procedures as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

### COUNT II
### VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
### M.C.L. § 37.1301 *et seq*.

21. Plaintiff restates the allegations of ¶¶1-20 as if fully rewritten here.

22. Defendants HPTMI Properties Trust and HTP TRS MRP, Inc.'s hotel is a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

23. Defendants have committed unlawful acts pursuant to M.C.L §37.1302(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges.

24. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and applicable damages,

attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendants to bring their place of public accommodation into full compliance with the implementing regulations of the ADA or at minimum make all readily achievable alterations and institute policies and procedures as are legally required to provide full and equal enjoyment of the website, goods, services, facilities, privileges, and advantages on its property to disabled persons, and the reasonable attorney's fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of the website, goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

<u>Counsel for Plaintiff:</u>

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone

Monroe, MI (734) 240-0848  
(419) 241-9737 - Facsimile  
Email: dunnlawoffice@sbcglobal.net